IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN RICHARD FORTENBERRY, JR.,

    Petitioner,

v.                                                                            Civil Action No. **3:18CV294**

J. RAY ORMOND,

    Respondent.

## MEMORANDUM OPINION

John Richard Fortenberry, Jr., a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government filed a Motion to Dismiss. (ECF No. 8.) For the reasons set forth below, the Government's Motion to Dismiss will be granted and the § 2241 Petition will be dismissed for want of jurisdiction.

### I. Procedural History and Summary of Fortenberry's Claim

A grand jury sitting in the United States District Court for the Western District of Missouri ("Sentencing Court") charged Fortenberry by Superseding Indictment with use of an interstate facility to attempt to entice a minor to engage in sexual activity (Count One); transfer of obscene matter to an individual under the age of sixteen (Count Two); and, committing the

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

former offenses at times when he was required to register as a sex offender (Count Three). *Fortenberry v. United States*, Nos. 15–0280–CV–W–DGK, 13–CR–00076–W–DGK–1, 2016 WL 7015675, at *1 (W.D. Mo. Nov. 29, 2016). Fortenberry pled guilty to Count One and received a 324-month term of incarceration. *See id.* at *1–2.

Fortenberry filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"), which the Sentencing Court denied. *See id.* at *1, *4.

In his § 2241 Petition, Fortenberry challenges his sentence imposed by the Sentencing Court. (*See* § 2241 Pet. 1–6.)[2] Specifically, Fortenberry raises the following claims for relief:

Claim One: "Pursuant to *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), [Fortenberry's] sentence can no longer be enhanced based on uncharged relevant conduct." (*Id.* at 3.)

Claim Two: "*Nelson v. Colorado*, 137 S. Ct. 1249 (2017) is retroactively applicable to cases on collateral review." (*Id.* at 4.)

As discussed below, Fortenberry fails to demonstrate that *Nelson* has any applicability to his sentence, and thus, he lacks entitlement to relief on either claim.

## II. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is

---

[2] The Court employs the pagination assigned to Fortenberry's submissions by the CM/ECF docketing system and corrects the punctuation, spacing, and capitalization in the quotations from Fortenberry's submissions.

2

inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[4]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[4] Fortenberry cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

3

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, No. 18–420, 2019 WL 1231947 (U.S. Mar. 18, 2019).[5]

### III. Analysis of Fortenberry's 28 U.S.C. § 2241 Petition

Here, Fortenberry challenges the legality of his sentence. Fortenberry fails to satisfy the second or fourth prong of *Wheeler*. Specifically, Fortenberry fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d at 429. Fortenberry suggests that *Nelson v. Colorado* entitles him to relief on his sentence. 137 S. Ct. 1249. He is incorrect. In *Nelson*, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court, and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of the conviction." 137 S. Ct. at 1252. Here, Fortenberry fails to identify an invalidated conviction and any fees, costs, or restitution imposed on him for the invalidated conviction. Rather, Fortenberry contends that he pled guilty to Count One and

---

[5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

Counts [Two] and [Three] were dismissed by the Government. However, [he] received an eight [8] level sentencing enhancement via U.S.S.G. § 2G1.3(b)(5)[6] based on uncharged conduct - i.e., the erroneous allegation that the minor had not attained the age of 12 years. As demonstrated herein, such an enhancement based exclusively on uncharged relevant conduct is now at odds with the U.S. Supreme Court's decision in *Nelson*, and thus presents an error "sufficiently grave" to be deemed a "fundamental defect."

(Mem. Supp. § 2241 Pet. 15, ECF No. 6 (last alteration in original).) Contrary to Fortenberry's suggestion here, *Nelson* simply has no bearing on a court's ability to consider relevant conduct during sentencing or the applicability of a sentencing enhancement under the United States Sentencing Guidelines. Thus, the Court fails to discern, and Fortenberry fails to explain, how *Nelson* has any application to Fortenberry's conviction or sentence.

Because Fortenberry fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, [his] sentence now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241.

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (ECF No. 8) will be GRANTED. Fortenberry's § 2241 Petition (ECF No. 1) will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appropriate Order shall issue.

Date: APR 25 2019
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[6] Section 2G1.3 of the United States Sentencing Guidelines provides the Base Offense Level for convictions under 18 U.S.C. § 2242(b). The section contains "Special Offense Characteristics" that can increase the Base Offense Level. Relevant here, Fortenberry received an eight-level enhancement because he was convicted of 18 U.S.C. § 2242(b) and "the offense involved a minor who had not attained the age of 12 years." *United States Sentencing Guidelines Manual* § 2G1.3(b)(5) (U.S. Sentencing Comm'n 2013).

5